NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| JAMAL DEEN AZEEZ, | : |
| | : |
| Plaintiff, | : Civil Case No. 14-616 (FSH) |
| | : |
| v. | : **ORDER** |
| | : |
| SEAMUS LAGAN, *et al.*, | : Date: August 5, 2014 |
| | : |
| Defendants. | : |
| | : |

---

**HOCHBERG, District Judge:**

This matter comes before the Court upon Plaintiff Jamal Deen Azeez's motion for default judgment against all named Defendants[1] (Dkt. No. 9); and

it appearing that the Clerk of the Court has not entered default against the named Defendants; and

it appearing that the entry of default is required before the Court can enter default judgment under Federal Rule of Civil Procedure 55(b), *see Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 521 n.1 (3d Cir. 2006) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."); and

---

[1]    The Defendants in this matter are Seamus Lagan, Thomas Mendolia, D.O., Sharon Hollis, Frank Rocca, Medytox Solutions, Inc., Medytox Diagnostics, Inc., and Medytox Medical Marketing & Sales Inc.  These corporations are referred to as "Medytox Solutions, Diagnostics, Medical Marketing and Sales Inc." in the complaint.

it appearing that in order to obtain default and default judgment, Plaintiff must properly serve Defendants in accordance with the Federal Rules of Civil Procedure, *Capers v. Quest Capital Strategies, Inc.*, Civ. No. 06-5780, 2007 WL 2033831, at *2 (D.N.J. July 10, 2007) ("It is well settled that service must be proper in order to receive an entry of default."); and

it appearing that Plaintiff has failed to properly serve the Defendants he seeks default judgment against;[2]

---

[2] Plaintiff submitted several affidavits concerning service.  A process server attempted to serve Frank Rocca on April 4, 2014 at 71 Franklin Turnpike, Suite 1-3, Waldwick, NJ 07463—Defendants' alleged place of business.  (Dkt. No. 4.)  However, a person named "Farrah" refused to accept service.  (*Id.*)  Following this single attempt, the process server mailed copies of the summons and complaint, via U.S. Mail Return Receipt Requested, to "defendants' main office located at 400 S. Australian Blvd, West Palm Beach, Florida 33401" and addressed it to "Defendant Frank Rocca."  (Dkt. No. 9-1, ¶ 8; *see also* Dkt. No. 4.)  Plaintiff claims that Mr. Rocca acknowledged receipt of the complaint.  (*Id.*, ¶ 9.)  The Court notes that the returned receipt appears to bear the name "Kelly Marsden," not Frank Rocca.  (Dkt. No. 9-3; *see also* Dkt. No. 4.)  On May 9, 2014, a process server attempted service on "Medytox Medical Solutions" at the same 71 Franklin Turnpike address and left the summons and complaint with "Farrah."  (Dkt. No. 5.)

Plaintiff has attempted to serve both individuals and corporations.  Under Federal Rule of Civil Procedure 4(h) service on a corporation may be effected by service upon an officer or someone authorized to receive service.  Fed. R. Civ. P. 4(h).  The rule also provides that service can be made in the manner prescribed for individuals, specifically, either by the manner prescribed by the law of the state where the district court is located (New Jersey) or in which service is effected.  *See* Fed. R. Civ. P. 4(h)(1)(a) and 4(e)(1).  In New Jersey, service can be made by certified mail, but only after personal service is unsuccessful following "a reasonable and good faith attempt."  *See* N.J.Ct.R. 4:4-3.  This rule states:

> [S]ervice may be made by mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, to the usual place of abode of the defendant or a person authorized by rule of law to accept service for the defendant or, with postal instructions to deliver to addressee only, to defendant's place of business or employment. If the addressee refuses to claim or accept delivery of registered or certified mail, service may be made by ordinary mail addressed to the defendant's usual place of abode.  The party making service may, at the party's option, make service simultaneously by registered or certified mail and ordinary mail, and if the addressee refuses to claim or accept delivery of registered

(Footnote continued on next page . . . )

**ACCORDINGLY**, it is on this 5th day of August, 2014,

**ORDERED** that the Plaintiff's motion for default judgment (Dkt. No. 9) is **DENIED**

**WITHOUT PREJUDICE**; and it is further

---

   mail and if the ordinary mailing is not returned, the simultaneous mailing
   shall constitute effective service.

Such service must also be accompanied by an affidavit: "If service is made by mail, the party making service shall make proof thereof by affidavit which shall also include the facts of the failure to effect personal service and the facts of the affiant's diligent inquiry to determine defendant's place of abode, business or employment." N.J.Ct.R. 4:4-7; *see also* N.J.Ct.R. 4:4-3.

   Under Federal Rule 4(e), an individual may be served by following the state law where the district court is located (New Jersey) or where service is made. Under New Jersey law, the primary method of serving an individual is through personal service. N.J.Ct.R. 4:4-4(a). However, as noted above, mailing is permitted after "diligent effort and inquiry personal service cannot be made in accordance with paragraph (a) of this rule," N.J.Ct.R. 4:4-4(b)(1), and must be done by "mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, and, simultaneously, by ordinary mail." N.J.Ct.R. 4:4-4(b)(1)(C). Plaintiff is also required to submit an affidavit so certifying. N.J.Ct.R. 4:4-4(b)(1).

   In addition, service may be made on an individual by delivering a copy of the summons and of the complaint to the individual personally, leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2).

   Service has not been properly effectuated in this case. First, there is no record of any attempted service on Seamus Lagan, Thomas Mendolia, D.O., or Sharon Hollis. Therefore, entry of default and default judgment would be improper as to these defendants.

   Second, Plaintiff has not properly served the corporate entities or Frank Rocca in this matter. Simply put, Plaintiff's attempt to serve process on "Medytox Solutions, Diagnostics, Medical Marketing and Sales Inc." and Frank Rocca at a New Jersey address is not enough to show a reasonable good faith attempt at service to allow for mailing of the summons and complaint when Plaintiff is aware that "defendants' main office" is in Florida. (Dkt. No. 9-1, ¶ 8.) Moreover, Plaintiff's complaint notes that Medytox Solutions' corporate headquarters is located in Florida and that the Waldwick, NJ address is only an alleged subsidiary of Medytox. (Dkt. No. 1, ¶ 5; *see also* Dkt. No. 9-1, ¶ 10.) New Jersey law does not permit service of a parent corporation by serving an employee of a subsidiary if that subsidiary is not authorized to accept service on behalf of the parent corporation. *See Mason v. Therics, Inc.*, Civ. No. 08-2404, 2009 WL 44743, at *2-*3 (D.N.J. Jan. 6, 2009). Service also fails because Plaintiff's affidavit does not state "the facts of the affiant's diligent inquiry to determine defendant's place of abode, business or employment," and Plaintiff failed to simultaneously send the summons and complaint by regular mail.

**ORDERED** that Plaintiff will serve Defendants in accordance with the Federal Rules of Civil Procedure within **60 days** of this order; after proper service, should Defendants fail to answer, or otherwise move this Court, within the time allotted by the Federal Rules of Civil Procedure then Plaintiff may seek default and default judgment as allowed by the Federal Rules.

**IT IS SO ORDERED.**

**/s/ Faith S. Hochberg_____**
**Hon. Faith S. Hochberg, U.S.D.J.**